IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| MICHAEL J. KOPKO, | ) | |
| | ) | |
| | ) | 2:20-CV-00423-MJH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RANGE RESOURCES - APPALACHIA, | ) | |
| LLC, | ) | |
| | | |
| Defendant, | | |

OPINION AND ORDER

Plaintiff, Michael J. Kopko, brings the within action against Defendant, Range

Resources-Appalachia, LLC. ("Range"), for rescission of his oil and gas lease.  Kopko filed his

Complaint in the Washington County Court of Common Pleas on March 6, 2020. (ECF No. 1-2).

Range filed its Notice of Removal on March 26, 2020. (ECF No. 1).  Kopko has filed a Motion

to Remand pursuant to 28 U.S.C. § 1447(c), arguing that the amount in controversy required for

diversity jurisdiction has not been met.  The matter is now ripe for decision.

Upon consideration of Kopko's Complaint (ECF No. 1-2), Range's Notice of Removal

(ECF No. 1), Range Counsel's Declaration (ECF No. 1-3), Kopko's Motion for Remand and

Brief in Support (ECF Nos.  7 and 8), Range's Response and Brief in Opposition (ECF Nos. 10

and 11), Kopko's Reply Brief (ECF No. 14), and for the following reasons, Kopko's Motion for

Remand will be denied.

I.      Background

Kopko allegedly leased the oil and gas rights to his 117-acre farm to Range in exchange

for lease and royalty payments.   (ECF No. 1-2 at ¶ 8).   Said lease is the subject of Kopko's

Complaint for rescission. (ECF No. 1-2).  In asserting diversity jurisdiction pursuant to 28 U.S.C.

§ 1332(a), Range avers that the parties maintain diverse citizenship, because it is a limited liability company organized in Delaware, and Kopko is a resident of Pennsylvania.  (ECF No. 1 at ¶¶ 9-11).  As to the remaining diversity jurisdiction component, amount-in-controversy in excess of $75,000, required under Section 1332, Range avers that, pursuant to the lease, Range paid Kopko and his co-lessors $176,550 as an upfront bonus plus $155,386.45 in royalties.  (ECF No. 1 at ¶¶ 30, 34 and ECF No. 1-3 at ¶¶ 6, 8).  Accordingly, Range asserts that the amount-in-controversy exceeds the $75,000 threshold.  (ECF No. 1 at ¶ 35 and ECF No. 1-3 at ¶¶ 9-10).

II.     Standard of Review

A defendant can remove a case to federal court if the court has original jurisdiction over the civil action. 28 U.S.C. § 1441. However, "removal statutes are to be strictly construed against removal and all doubts resolved in favor of remand." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (*quoting Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)). Furthermore, "[t]he party asserting jurisdiction bears the burden of showing the action is properly before the federal court." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005).  It is the removing party's burden to demonstrate that the amount in controversy exceeds the jurisdictional amount. *See Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007); *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). The amount in controversy must be shown by a preponderance of the evidence. *See* 28 U.S.C. § 1446(c)(2). Preponderance of the evidence means "proof to a reasonable probability that jurisdiction exists." *Frederico*, 507 F.3d at 196 n. 7.  A determination of the amount in controversy "begins with a reading of the complaint filed in state court." *Id*. "The allegations on the face of the complaint control the amount in controversy unless it appears to a legal certainty

the claim is really for less than the jurisdictional amount." *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961) (quotations omitted).

III.    Discussion

In his motion for remand, Kopko argues that Range cannot demonstrate that the value of his non-monetary claim for equitable rescission exceeds the amount in controversy.  Specifically, Kopko contends that, if he succeeds on his rescission claim, Range will not be liable for damages, and in fact, if the rescission claim is successful, Range would actually receive funds in return.  Whereas, Range argues that the value of this litigation, i.e. the lease, is sufficient for the Court to recognize an amount-in-controversary that exceeds the requisite $75,000.  Specifically, Range asserts that Kopko and his co-lessors received leasehold payments, including the upfront $176,550 bonus plus $155,386.45 in royalties.  (ECF No. 1 at ¶¶ 30, 34 and ECF No. 1-3 at ¶¶ 6, 8).  Thus, Range contends that remand is not warranted, given the value of the lease.

Although Kopko's Complaint does not allege a value for his claim, the Supreme Court and Third Circuit have instructed that the amount in controversy should be measured by "a reasonable reading of the value of the rights being litigated." *Angus v. Shiley*, 989 F.2d 142, 146 (3d. Cir. 1993). Additionally, the Supreme Court has held "[i]n an action seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977).

In the context of oil and gas leases, courts have held that the value of the lease *in toto* determines the jurisdictional amount even when plaintiff seeks only equitable relief.  In *Escandel v. Cabot Oil & Gas Corp.*, 2008 U.S. Dist. LEXIS 45484 (M.D. Pa. June 5, 2008), plaintiffs sought to invalidate an oil and gas lease that they entered with defendants.  *Id*. at *5.  Defendant

3

removed, but plaintiffs asserted that the $2,225.00 they had received under the contract was the only amount in controversy for purposes of diversity jurisdiction. *Id.*   The court disagreed, stating that plaintiffs incorrectly "assert[ed] that the amount in controversy is limited to the monetary sum they claim." *Id.*  Instead, the court looked to the value of the lease, which it determined exceeded $75,000. *Id.* at *7; see also *Frystak v. Cabot Oil & Gas Corp.*, 2008 U.S. Dist. LEXIS 45489 (M.D. Pa. June 5, 2008)6; *Rosen v. Chrysler Corp.*, 205 F.3d 918, 921 (6th Cir. 2000) ("where a plaintiff seeks to rescind a contract, the contract's entire value . . . is the amount in controversy."); *Neely v. Consol, Inc.*, 25 F. App'x 394, 400 (6th Cir. 2002) (holding that, despite the request for rescission only, the value of the lease determined the jurisdictional amount in controversy requirements).

Here, Range has provided uncontested evidence that the value of the lease, exceeds $75,000.  In exchange for oil and gas rights, Range paid Kopko and his co-lessors an upfront bonus payment of $176,550.00 plus royalties totaling $155,386.45. (ECF No. 1 at ¶¶ 30-34 and ECF No. 1-3 at ¶¶ 6-8).  Kopko does not dispute these amounts.  The value of the lease is measured by more than the money damages Kopko claims in this rescission action.  Therefore, Range has sufficiently demonstrated that the amount in controversy exceeds the $75,000 statutory jurisdictional minimum threshold.  Thus, the Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a).

ORDER

And Now, this 29th day of June, 2020, after consideration of Kopko's Complaint (ECF No. 1-2), Range's Notice of Removal (ECF No. 1), Range Counsel's Declaration (ECF No. 1-3), Kopko's Motion for Remand and Brief in Support (ECF Nos.  7 and 8), Range's Response and Brief in Opposition (ECF Nos. 10 and 11), Kopko's Reply Brief (ECF No. 14), and for the

4

foregoing reasons, Kopko's Motion for Remand will be denied.  The Court will retain

jurisdiction over this matter.

BY THE COURT:

Marilyn J. Horan
United States District Judge