IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

MICHAEL J. KOPKO,                     )
                                      )
                                      )          2:20-CV-00423-MJH
            Plaintiff,                )
                                      )
      vs.                             )
                                      )
RANGE RESOURCES - APPALACHIA,         )
LLC,                                  )

            Defendant,

OPINION

Plaintiff, Michael J. Kopko, brings the within action against Defendant, Range

Resources-Appalachia, LLC. ("Range") for rescission of his oil and gas lease.   Range has filed a

Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and (b)(7).  The matter is now ripe for

consideration.

Upon consideration of Kopko's Complaint (ECF No. 1-2), Range's Motion to Dismiss

and Brief in Response (ECF Nos. 4 and 5), Kopko's Response and Brief in Opposition (ECF No.

6), Range's Reply Brief (ECF No. 9), and for the following reasons, Range's Motion to Dismiss

will be granted.

I.     Background

Jeffrey Kramer served as Kopko's attorney until April 29, 2008. (ECF No. 1-2 at ¶ 7).

On that date, Kramer sent a letter to Kopko advising that he was leaving his law firm and

accepting employment outside the legal profession.  (ECF No. 1-2 at p. 11).  Six days later,

Kramer contacted Kopko advising that he now worked for Range.  (ECF No. 1-2 at ¶ 8).  In that

call, Kramer proposed that Kopko grant Range an oil and gas lease to his 117-acre farm. *Id*.

Kramer further promised that he would negotiate for Kopko to obtain the best lease terms.  *Id*.

Kopko executed the lease on May 19, 2008, but shortly thereafter he received correspondence

from another Range employee, Bryan Salsman, offering better lease terms than he received in the lease offered through Kramer. *Id*. at ¶ 12. After receiving Salsman's correspondence, Kopko contacted Kramer and asked for Range to change the lease terms to match the terms offered by Salsman. *Id*. at ¶ 13. Kramer advised Kopko that the lease's terms could not be changed or cancelled. *Id.* Kopko alleges that he learned many years later that, contrary to Kramer's advice, he could have cancelled the lease within ninety (90) days of execution. *Id*. at ¶ 14. Kopko alleges that his cancellation/change request occurred within that ninety (90) day period. *Id.* In 2013, Kopko discovered that his neighbors had received more favorable lease terms. *Id*. at ¶¶ 16-17.

Kopko avers that in 2008, Kramer and Range took advantage of Kopko's prior attorney-client relationship to convince Kopko to accept lease terms that were below market rates. *Id*. at ¶ 20. Kopko alleges he did not know until 2018 that Kramer's actions created a conflict of interest. *Id. at* ¶ 21. Kopko's claim for rescission of the lease is based upon the alleged conflict of interest and material representations made by Kramer on Range's behalf. *Id*. at ¶ 33.

Range has moved for dismissal of Kopko's Complaint, because it is time-barred on its face, because the claim for rescission fails as a matter of law, and because Kopko has failed to join an indispensable party under Fed. R. Civ. 12(b)(7).

II.     Standard of Review

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir.2009) (quoting *Graff v. Subbiah Cardiology Associates, Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir.2016) ("Although a reviewing court now affirmatively disregards a pleading's legal conclusions, it must still . . . assume all remaining factual allegations to be true, construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them.") (citing *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n. 1 (3d Cir.2014)).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion School District*, 132 F.3d 902, 906, n. 8 (3d Cir.1997).  The primary question in deciding a motion to dismiss is not whether the Plaintiff will ultimately prevail, but rather whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir.2000).  The purpose of a motion to dismiss is to "streamline [ ] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326–327, (1989).

When a court grants a motion to dismiss, the court "must permit a curative amendment unless such an amendment would be inequitable or futile." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (internal quotations omitted). Further amendment is inequitable where there is "undue delay, bad faith, dilatory motive, [or] unfair prejudice." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Amendment is futile "where an amended complaint 'would fail to state a claim upon which relief could be granted.' " *M.U. v. Downingtown High Sch. E.*, 103 F. Supp. 3d 612, 631 (E.D. Pa. 2015) (quoting *Great Western Mining & Mineral Co.*, 615 F.3d at 175).

III.    Discussion

Range contends that Kopko's rescission claim is time-barred because the statute of limitations began to run on May 19, 2008, when Kopko signed the Lease and when any alleged fraudulent inducement by Kramer had already occurred.  Kopko argues that he did not learn until 2018 that Kramer's status, as his former attorney and then present employee of Range, constituted a conflict of interest.  Therefore, he contends that this 2019 Complaint, is not time barred.   He further argues that dismissal of a complaint, based upon a statute of limitations or laches, is limited to instances where those affirmative defenses appear on the face of the complaint.   Range counters that Kopko's own Complaint demonstrates that he knew or had reason to know that he had been injured "shortly after" he signed the Lease in 2008.

The operative facts to support Kopko's 2019 Complaint for rescission occurred in May 2008.  (ECF No. 1-2 at ¶ 8).  After Kopko signed the Lease on May 19, 2008, he received a letter from another Range employee, Bryan Salsman, offering a lease with better terms.  *Id*. at ¶ 12. When Kopko contacted Kramer asking to change or cancel the May 19, 2008 Lease, Kramer told Kopko that the Lease could not be changed or cancelled.  *Id*. at ¶ 13.  Kopko alleges that he learned many years later that, contrary to Kramer's advice, he could have cancelled the lease

4

within ninety (90) days of execution.  *Id*. at ¶ 14.  Kopko alleges that his cancellation/change request to Kramer occurred within that ninety (90) day period.  *Id.*

A statute of limitations defense may be raised in a Rule 12(b)(6) motion when the time bar is apparent on the face of the complaint. *See Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002).  "As a matter of general rule, a party asserting a cause of action is under a duty to use all reasonable diligence to be properly informed of the facts and circumstances upon which a potential right of recovery is based and to institute suit within the prescribed statutory period." *Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.*, 468 A.2d 468, 471 (Pa.1983). Thus, "the statute of limitations begins to run as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations, even though a person may not discover his injury until it is too late to take advantage of the appropriate remedy." *Id*. Once the statute of limitations has run, the claim is barred, "unless it is established that an exception to the general rule applies which acts to toll the running of the statute." *Id*.

Where a plaintiff seeks an equitable remedy, such as a rescission claim, Pennsylvania courts have found that "statutes of limitation are 'not controlling in equity,' but only 'provide guidance in determining the reasonableness of any delay.' " *United National Ins. Co. v. J.H. France Refractories Co.*, 542 Pa. 432, 668 A.2d 120, 124 (Pa.1995) (quoting *Kay v. Kay*, 334 A.2d 587 (Pa.1975)). Courts instead apply the equitable doctrine of laches, which "does not depend upon the fact that a definite time has elapsed since the cause of action accrued, but whether, under the circumstances of the particular case, the complaining party is guilty of want of due diligence in failing to institute his action to another's prejudice." *Id*. at 124 (quoting *Class of Two Hundred Admin. Faculty Members of State Colleges in Commonwealth v. Scalon*, 502 Pa. 275, 466 A.2d 103, 105 (Pa.1983)). The doctrine of laches can both extend and shrink the statute

5

of limitations, depending on the reasonableness of any delay by the plaintiff in filing the action. *Id*. at 124-125. Still, "'in the absence of fraud or concealment, it is a general rule that laches follows the statute of limitations.' " *Id*. at 124 (quoting *Silver v. Korr*, 392 Pa. 26, 139 A.2d 552, 555 (Pa.1958)). Therefore, the Court is guided by the applicable statute of limitations in determining Range's laches defense absent Kopko proving fraud or concealment.

Kopko's claim for rescission is premised upon allegations that he was induced by fraud or misrepresentations to enter into the Lease with Range. The applicable statute of limitations period under Pennsylvania law for a fraud-based claim is two years. *See Ash v. Cont' Ins. Co.*, 593 Pa. 523, 932 A.2d 877, 879 (Pa. 2007). The limitation periods may be tolled in limited circumstances, such as through estoppel, pursuant to the doctrine of fraudulent concealment. Under such, a party can be estopped from invoking the statute of limitations if "through fraud or concealment, he causes the plaintiff to relax his vigilance or deviate from his right of inquiry into the facts." *Fine v. Checcio*, 870 A.2d 850, 860 (Pa. 2005). The Pennsylvania Supreme Court, however, has also emphasized that the standard of reasonable diligence dictates that "a statute of limitations that is tolled by virtue of fraudulent concealment begins to run when the injured party knows or reasonably should know of his injury and its cause." *Id*. at 861.

Kopko's pertinent allegations concern events that occurred in 2008. Kopko did not file this action until 2019, well beyond the two-year limitations period for fraudulent actions. Kopko's claimed ignorance, that he did not know that Kramer had a conflict of interest or that he could have rescinded the lease within ninety (90) days, does not excuse his delay. A "lack of knowledge, mistake or misunderstanding does not toll the running of the statute of limitations." *See Pocono Intl. Raceway, supra*. Kopko can only justify the delay of his filing if he can demonstrate that he did not know of his injury or its cause. The facts, as alleged, indicate that Kopko knew in 2008 that he had been injured and that the 2008 lease, negotiated through

Kramer, was the cause.  In 2008, Kopko knew that he was allegedly injured because he did not receive the best lease deal as Kramer had represented. In addition, Kopko knew that his injury was caused by Kramer's misrepresentations.   The pertinent facts were available to Kopko in 2008.  Kopko makes no allegations that Range caused Kopko to relax his vigilance or to deviate from his right of inquiry into the facts.  Without a tolling mechanism, Kopko rested on his rights for eleven years, well beyond the statute of limitations, and way too long for any equitable remedy.  Therefore, Kopko's claim for rescission is time barred.

Accordingly, Range's Motion to Dimiss, on the basis that Kopko's claim for rescission is time barred, will be granted.  As it is clear to the Court that no amendment would alter the outcome, amendment is deemed futile.   Further, the remaining bases for Range's Motion to Dismiss are deemed moot.

IV.    Conclusion

After consideration of Kopko's Complaint (ECF No. 1-2), Range's Motion to Dismiss and Brief in Response (ECF Nos. 4 and 5), Kopko's Response and Brief in Opposition (ECF No. 6), Range's Reply Brief (ECF No. 9), and for the foregoing reasons, Range's Motion to Dismiss will be granted, and Kopko's Complaint will be dismissed.  A separate order will follow.

BY THE COURT:

Dated: June 29, 2020

Marilyn J. Horan
United States District Judge

7