IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

MICHAEL J. KOPKO,               )
                                )
                                )   2:20-CV-00423-MJH
           Plaintiff,           )
                                )
      vs.                       )
                                )
RANGE RESOURCES - APPALACHIA,   )
LLC,                            )

           Defendant,

OPINION AND ORDER

Defendant, Range Resources, has filed a Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 (ECF No. 17) on the basis that Plaintiff, Michael J. Kopko, commenced and prosecuted this action for improper purposes. The matter is now ripe for consideration.

Upon consideration of Range's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 and Brief in Support (ECF Nos. 17 and 18), Kopko's Response and Brief in Opposition (ECF Nos. 22 and 23), the relevant pleadings, the arguments of counsel, and for the following reasons, Range's Motion for Sanctions will be denied.

I.  Background

   a.  Complaint Allegations

Jeffrey Kramer served as Kopko's attorney until April 29, 2008. (ECF No. 1-2 at ¶ 7). On that date, Kramer sent a letter to Kopko advising that he was leaving his law firm and accepting employment outside the legal profession. (ECF No. 1-2 at p. 11). Six days later, Kramer contacted Kopko advising that he now worked for Range. (ECF No. 1-2 at ¶ 8). In that call, Kramer proposed that Kopko grant Range an oil and gas lease to his 117-acre farm. *Id*. Kramer further promised that he would negotiate for Kopko to obtain the best lease terms. *Id*. Kopko executed the lease on May 19, 2008, but shortly thereafter he received correspondence

from another Range employee, Bryan Salsman, offering better lease terms than he received in the lease offered through Kramer. *Id*. at ¶ 12. After receiving Salsman's correspondence, Kopko contacted Kramer and asked for Range to change the lease terms to match the terms offered by Salsman. *Id*. at ¶ 13. Kramer advised Kopko that the lease's terms could not be changed or cancelled. *Id.* Kopko alleges that he learned many years later that, contrary to Kramer's advice, he could have cancelled the lease within ninety (90) days of execution. *Id*. at ¶ 14. Kopko alleges that his cancellation/change request occurred within that ninety (90) day period. *Id.* In 2013, Kopko discovered that his neighbors had received more favorable lease terms. *Id*. at ¶¶ 16-17.

Kopko avers that in 2008, Kramer and Range took advantage of Kopko's prior attorney-client relationship to convince Kopko to accept lease terms that were below market rates. *Id*. at ¶ 20. Kopko alleges he did not know until 2018 that Kramer's actions created a conflict of interest. *Id. at* ¶ 21. Kopko's claim for rescission of the lease is based upon the alleged conflict of interest and material representations made by Kramer on Range's behalf. *Id*. at ¶ 33.

b. Procedural timeline

In February 2018, Kopko and his attorneys filed an appeal before the Pennsylvania Environmental Hearing Board (EHB) requesting that it deny Range's application for a permit, which the Pennsylvania Department of Environmental Protection (PaDEP) had previously granted. (ECF No. 17 at p. 8, ¶ 4). The PaDEP permit pertained to restoration of Mr. Kopko's property. *Id*.

On August 5, 2019, Mr. Kopko initiated the within action by Writ of Summon in the Court of Common Pleas of Washington County. (ECF No. 22-2). Kopko and his attorneys withdrew the EHB appeal on August 19, 2019 and, Range, Kopko and PaDEP continued to negotiate a plan to restore Mr. Kopko's property. (ECF NO. 17, at p. 8, ¶¶ 5-6). On March 6,

2020, Kopko filed his Complaint which sought rescission of his oil and gas lease with Range. (ECF No. 1-2). On March 26, 2020, Range removed Mr. Kopko's Complaint to this Court. (ECF No. 1). During the negotiations on the PaDEP matter, an email exchange between Mr. Kopko and his counsel was inadvertently disclosed to Range. In an email dated April 28, 2020, Mr. Kopko stated to his counsel that, "at this point my objective is to make things as hard and difficult on [R]ange that I can!!" (ECF No. 17 at p. 15). After this email was disclosed, Range's Counsel, David Poole, emailed Mr. Kopko's counsel on May 19, 2020, to request that, based upon Mr. Kopko's stated motives in his April 28, 2020 email, that counsel withdraw the pending litigation. *Id*. at p. 12. If Mr. Kopko did not withdraw his Complaint, Mr. Poole advised that Range would seek sanctions pursuant to Fed. R. Civ. P. 11. *Id*. On May 27, 2020, Range's counsel sent a certified letter to Mr. Kopko's counsel requesting that he withdraw the Complaint and enclosing a Motion for Sanctions. *Id*. at p. 6.

On June 29, 2020, this Court granted Range's Motion to Dismiss (ECF No. 4 and 5) and dismissed the Complaint on the basis that Mr. Kopko's claim for rescission was time barred. (ECF No. 20). Range now moves for sanctions on the basis that Mr. Kopko commenced this action for improper purposes. Range's Motion and Brief focus on the propriety of Mr. Kopko's April 28, 2020 email as evidence that the instant litigation was brought for an improper purpose; however, at the time of oral argument, Range also contended that this Court should also grant its Motion for Sanctions on the basis that Mr. Kopko had no legal basis to file a Complaint that was time barred.

II. Discussion

A. Email as Evidence of Improper Purpose

Range asserts that Mr. Kopko's April 28, 2020 email with his counsel is evidence that Mr. Kopko and his attorneys commenced and prosecuted this action for the purpose of gaining

3

leverage in negotiations among Range, Kopko, and the Pennsylvania Department of Environmental Protection ("PaDEP"). (ECF No. 18 at p. 2). Kopko contends that the emails concern matters separate from this litigation and do not reflect upon the reasonableness of Kopko's Complaint or the purpose for filing the same. The record reflects that the PaDEP appeal began in February 2018 and that this action was initiated, by writ of summons under state court procedural rules, in August 2019 and that the Complaint, containing factual allegations and legal conclusions, was filed on March 6, 2020. (ECF Nos. 1-2 and 22-2). From August 2019 onward, Range, the PaDEP, and Kopko engaged in negotiations regarding resolution of the PaDEP matter. (ECF No. 17). During the course of said negotiations of the PaDEP matter, Kopko emailed his counsel on April 28, 2020, and stated that, "at this point my objective is to make things as hard and difficult on [R]ange that I can!!" (ECF No. 17 at p. 15). Fed. R. Civ. P. 11 states as follows:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

Fed. R. Civ. P. 11(b)(1).

Here, after review of the email chain that included Mr. Kopko's April 28, 2020 email to his counsel, the context of the email exchange appears related to the PaDEP matter and not this litigation. Mr. Kopko's email also was sent eight months after the writ of summons was filed and almost two months after the Complaint. Therefore, the April 28, 2020 email does not support, on its own, an improper motive or purpose in instituting the within litigation. Accordingly, Range's Motion for Sanctions, on the basis that Kopko instituted the within lawsuit for an improper purpose, will be denied.

B.  Legal Basis for Complaint

At the time of oral argument, Range also argued that Rule 11 sanctions are warranted because the claim for rescission was clearly time barred and that existing law did not support the tolling of the statute of limitations.  Kopko counsel's responded at oral argument that, based upon the circumstances described in the Complaint and the equitable nature of the claim, there existed a reasonable argument that Kopko's claim for rescission was not time barred.  After Kopko's April 28, 2020 email, Range's Counsel, David Poole, emailed Mr. Kopko's counsel on May 19, 2020, to request that, based upon Mr. Kopko's stated motives in his April 28, 2020 email, counsel withdraw the pending litigation.  *Id*. at p. 12.  If Mr. Kopko did not withdraw his Complaint, Mr. Poole advised that Range would seek sanctions pursuant to Fed. R. Civ. P. 11.  *Id*.  On May 27, 2020, Range's counsel sent a certified letter to Mr. Kopko's counsel attaching the within Motion for Sanctions and requesting that he withdraw the Complaint within twenty-one (21) days.  *Id*. at p. 6.  Range's correspondence and Motion for Sanctions did not assert the statute of limitations issue as a basis for filing the motion.  ON June 29, 2020, the Court dismissed Kopko's Complaint on the basis it was time barred. (ECF No. 20).

Under Rule 11,

> A motion for sanctions must be made separately from any other motion and **must describe the specific conduct that allegedly violates Rule 11(b)**. The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2) (emphasis added).  Further, commentary under Rule states as follows, "a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention)." Fed. R. Civ. P. 11 Advisory Committee's Notes (1993 Amendments).

Here, the impetus behind Range's Motion for Sanctions was the April 28, 2020 email by Mr. Kopko to his counsel. Range's correspondence threatening a Motion for Sanctions specifically referenced the email. However, Range's motion and correspondence did not specify that it sought sanctions on the specific basis that Kopko's Complaint was time barred or that existing law did not support a tolling of the statute of limitations. Range did not describe Kopko's legal contentions in his Complaint as sanctionable until the time of oral argument on the Motion for Sanctions, which occurred approximately forty-five days following this Court's Opinion and Order. Therefore, pursuant to the requirements of Fed. R. Civ. P. 11(c)(3) and its commentary, Range did not provide specific notice in its motion and correspondence to Mr. Kopko and his counsel that it would raise the statute of limitations issue as a basis for sanctions. Furthermore, any notice by Range during oral argument occurred after this Court's ruling on the allegedly "offending contention."

Accordingly, Range's Motion for Sanctions, on the basis that Mr. Kopko filed his Complaint outside the statute of limitations without a legal basis to support the same, will be denied.

ORDER

And Now this 20th of August 2020, following consideration of Range's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 and Brief in Support (ECF Nos. 17 and 18), Kopko's Response and Brief in Opposition (ECF Nos. 22 and 23), the relevant pleadings, the arguments of counsel, and for the foregoing reasons, Range's Motion for Sanctions is denied. Resolution of this motion now concludes the case, and the docket will now be marked closed.

BY THE COURT:

Dated: August 20th, 2020

Marilyn J. Horan
United States District Judge